UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EURELLE JACQUES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. TILLERY,<br><br>　　　　　Defendant. | No.  2:23-cv-0079 KJN P<br><br><br>ORDER AND ORDER TO SHOW CAUSE |

　　　　Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  The U.S. Marshal notified the court that Tillery is deceased.  Plaintiff was directed to file a motion for substitution.  Plaintiff subsequently requested the appointment of counsel to assist plaintiff in filing probate forms and motion for substitution of a party.  As discussed below, because a motion for substitution of a party would be futile, plaintiff's request for counsel is denied, and plaintiff is ordered to show cause why this action should not be dismissed.

Plaintiff's Complaint

　　　　In the January 13, 2023 complaint, plaintiff raises one retaliation claim against defendant D. Tillery, Correctional Officer at Mule Creek State Prison ("MCSP").  Plaintiff transferred from High Desert State Prison ("HDSP") to MCSP with ten boxes of plaintiff's property.  Upon arrival at MCSP on July 20, 2021, HDSP staff identified to Tillery the contents of the boxes, including that 6 out of the 10 boxes contained active legal property.  Tillery then went to his computer and

1

subsequently informed plaintiff that Tillery knows who plaintiff is and that plaintiff sues CDCR staff.  Tillery then tossed plaintiff's property back on the van, knowingly depriving plaintiff of the legal materials needed for plaintiff's upcoming deadlines.  (ECF No. 1 at 11.)

Defendant Tillery's Death

On February 28, 2023, the U.S. Marshal filed a notice of intent not to waive service on Donny Tillery because Tillery is deceased.  (ECF No. 10.)  Public records on the CDCR website confirm that on November 3, 2022, Donny Tillery retired as a correctional officer at MCSP and died on November 20, 2022.  https://www.cdcr.ca.gov/insidecdcr/2022/11/29/donny-tillery-retired-officer-passes-away/ (accessed June 21, 2023).[1]  The November 20, 2022 death of Donald "Donny" Tillery was also noted on the public website "legacy.com."  https://www.legacy.com/us/obituaries/name/donald-tillery-obituary?id=38206285 (accessed June 21, 2023).

Rule 25

Rule 25 of the Federal Rules of Civil Procedure governs the substitution of parties.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  Such provision authorizes the substitution of a proper party when an existing party dies after the suit is commenced.  Id.; see also History and Application of Rule, 7C Fed. Prac. & Proc. Civ. § 1951 (3d ed.) ("The rule presupposes that substitution is for someone who was a party to a pending action.[]  Substitution is not possible if one who was named as a party in fact died before the commencement of the action.[]" (footnotes omitted)).

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  See also In re Yahoo Mail Litig., 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick & Schmick Restaurant Corp., 460 F.Supp.2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

In 2020, the Ninth Circuit held that a dead person may not sue, be sued, or be joined as a party to a lawsuit. LN Mgmt., LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 951 (9th Cir. 2020). The Ninth Circuit declined to decide whether Rule 25(a) permits the substitution of a party "dead *ab initio*," but did discuss cases from the Fourth, Fifth and Tenth Circuits addressing such issue in several contexts. LN Mgmt., LLC, 957 F.3d at 955-56. Of relevance here, the Fifth Circuit held that because defendant Buras died after he had hit and killed the victim with his truck, but before the relatives of the victim filed the lawsuit, Rule 25(a) was unavailable because Buras "predeceased the filing of the action." Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969). Several district courts in California agree, holding "that Rule 25 substitutions are unavailable when the defendant for whom substitution is sought was dead before the commencement of the action, which was therefore a nullity." LN Mgmt., LLC, 957 F.3d at 954 (collecting cases).

Discussion

The undersigned is persuaded that Rule 25 does not apply to this action, and that plaintiff's complaint against decedent Tillery is a nullity. Lacy v. Tyson, 2012 WL 4343837, *2 (E.D. Cal. Sept. 20, 2012), adopted, 2012 WL 5421230 (E.D. Cal. Nov. 5, 2012). In Lacy, the plaintiff was a pro se state prisoner raising a § 1983 complaint against correctional officers and medical staff. The district court held that because decedent R. Reyna died before the lawsuit was filed, the motion for substitution under Rule 25 was denied, and decedent Reyna was dismissed with prejudice. Lacy, 2012 WL 4343837 at *2. "While the Ninth Circuit has not addressed this issue, courts have held, as a rule, that the substitution of parties cannot be ordered in conformance with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party." Lacy, 2012 WL 4343837 at *2.

Here, Donald Tillery died before the instant action was filed. Thus, there is no procedure in place for the court to substitute his presence in this action for that of a personal representative of his estate. See Moul v. Pace, 261 F. Supp. 616, 617-18 (D. Md. 1966) ("no procedural mechanism exists for the Court to substitute [decedent's] presence in this case for that of a personal representative of his estate."); Chorney v. Callahan, 135 F.Supp. 35, 36 (D. Mass. 1955)

3

1  (where a suit is filed against an individual who died before the complaint was filed, "at that
2  point the purported action was a nullity, for a dead man obviously cannot be named party
3  defendant in an action.")

4  Plaintiff Jacques cites prior case Jacques v. Fererkins, No. 2:21-cv-0141 KJM KJN P
5  (E.D. Cal.), where plaintiff was appointed counsel to assist in pursuing a motion to substitute the
6  deceased defendant's parents as parties to the litigation.  (ECF No. 12 at 2.)  However, in
7  plaintiff's prior case, the deceased defendant died during the pendency of the litigation, after
8  plaintiff filed the complaint.  "The purpose behind Rule 25(a) suggests that substitution remains
9  available after filing and prior to service."  Gilmore v. Lockard, 936 F.3d 857, 864 (9th Cir. 2019)
10 (emphasis added).  Here, defendant Tillery died on November 20, 2022, before plaintiff filed the
11 instant lawsuit on January 13, 2023.  Indeed, the Ninth Circuit later confirmed such distinction:

> In overturning the denial of Gilmore's motion to substitute the prison guard's "successor or representative," Fed. R. Civ. P. 25(a), we noted in passing that Mizukami was "inapposite since that suit was filed after the defendant's death, and Rule 25(a) presupposes that the deceased was already a party in the action prior to death."

15 LN Mgmt., LLC, 957 F.3d at 951, quoting Gilmore, 936 F.3d at 864 n.4.  Thus, the Ninth Circuit
16 concluded that a party cannot bring a federal lawsuit against a dead person.  LN Mgmt., LLC, 957
17 F.3d at 955.

18 Following LN Mgmt., LLC, plaintiff is not allowed to name or join a dead person as a
19 defendant.  This case is very similar to Lacy, and the undersigned is persuaded by, and adopts, its
20 reasoning.  See also Cavanaugh v. County of San Diego, 2020 WL 8838234 (S.D. Cal. Aug. 24,
21 2020) ("This Court is persuaded to follow the several federal courts which hold that a party
22 cannot maintain suit against a dead person, or in any other way make a dead person (in that
23 person's own right, and not through a properly-represented estate or successor) a party to a
24 federal lawsuit.")  Because Donald Tillery died before this action was commenced, Rule 25(a)
25 does not apply, plaintiff's claims against such defendant are a nullity, and defendant Donald
26 Tillery should be dismissed from this action with prejudice.  In light of this finding, it would be
27 futile to appoint counsel to assist plaintiff in preparing a motion for substitution, and the motion
28 to appoint counsel is denied without prejudice.

Finally, plaintiff named no other individual as a defendant in this action. Therefore, it appears the action should be dismissed. However, in an abundance of caution, plaintiff is ordered to show cause, if any plaintiff may have, why Tillery should not be dismissed with prejudice from this action, and why this action should not be dismissed. In the alternative, plaintiff may opt to voluntarily dismiss this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 12) is denied without prejudice; and

2. Plaintiff shall show cause, within thirty days, why Tillery should not be dismissed from this action with prejudice, and why this action should not be dismissed.

Dated: June 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jacq0079.osc