UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>   Plaintiff,<br><br>   v.<br><br>D. TILLERY,<br><br>   Defendant. | No.  2:23-cv-0079 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  On June 29, 2023, plaintiff was issued an order to show cause.  Plaintiff did not respond, and on August 1, 2023, the undersigned recommended that this action be dismissed.  On August 2, 2023, plaintiff filed a document styled, "Objections to Magistrate Judges' Findings and Recommendations/Response to Judge's Order to Show Cause . . . ."  (ECF No. 16.)  As discussed below, the findings and recommendations are vacated, and it is recommended that this action be dismissed.

<u>Belated Response to Order to Show Cause</u>

Plaintiff's timely objections contain plaintiff's belated response to the order to show cause.  Plaintiff was deprived of access to legal materials which prevented plaintiff from timely responding to the order to show cause.  Good cause appearing, the court vacates the findings and recommendations, and deems plaintiff's response to the order to show cause timely filed.

////

1

Plaintiff's Complaint

In the January 13, 2023 complaint, plaintiff raises one retaliation claim against defendant D. Tillery, Correctional Officer at Mule Creek State Prison ("MCSP"). Plaintiff transferred from High Desert State Prison ("HDSP") to MCSP with ten boxes of plaintiff's property. Upon arrival at MCSP on July 20, 2021, HDSP staff identified to Tillery the contents of the boxes, including that 6 out of the 10 boxes contained active legal property. Tillery then went to his computer and subsequently informed plaintiff that Tillery knows who plaintiff is and that plaintiff sues CDCR staff. Tillery then tossed plaintiff's property back on the van, knowingly depriving plaintiff of the legal materials needed for plaintiff's upcoming deadlines. (ECF No. 1 at 11.)

Defendant Tillery's Death

On February 28, 2023, the U.S. Marshal filed a notice of intent not to waive service on Donny Tillery because Tillery is deceased. (ECF No. 10.) Public records on the CDCR website confirm that on November 3, 2022, Donny Tillery retired as a correctional officer at MCSP and died on November 20, 2022. https://www.cdcr.ca.gov/insidecdcr/2022/11/29/donny-tillery-retired-officer-passes-away/ (accessed June 21, 2023).[1] The November 20, 2022 death of Donald "Donny" Tillery was also noted on the public website "legacy.com." https://www.legacy.com/us/obituaries/name/donald-tillery-obituary?id=38206285 (accessed June 21, 2023). Plaintiff does not dispute that Tillery died prior to the filing of this action. (ECF No. 16.)

Rule 25

Rule 25 of the Federal Rules of Civil Procedure governs the substitution of parties.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). See also In re Yahoo Mail Litig., 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick & Schmick Restaurant Corp., 460 F.Supp.2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

>If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  Such provision authorizes the substitution of a proper party when an existing party dies after the suit is commenced.  Id.; see also History and Application of Rule, 7C Fed. Prac. & Proc. Civ. § 1951 (3d ed.) ("The rule presupposes that substitution is for someone who was a party to a pending action.[]  Substitution is not possible if one who was named as a party in fact died before the commencement of the action.[]" (footnotes omitted)).

In 2020, the Ninth Circuit held that a dead person may not sue, be sued, or be joined as a party to a lawsuit.  LN Mgmt., LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 951 (9th Cir. 2020).  The Ninth Circuit declined to decide whether Rule 25(a) permits the substitution of a party "dead *ab initio*," but did discuss cases from the Fourth, Fifth and Tenth Circuits addressing such issue in several contexts.  LN Mgmt., LLC, 957 F.3d at 955-56.  Of relevance here, the Fifth Circuit held that because defendant Buras died after he had hit and killed the victim with his truck, but before the relatives of the victim filed the lawsuit, Rule 25(a) was unavailable because Buras "predeceased the filing of the action."  Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969).  Several district courts in California agree, holding "that Rule 25 substitutions are unavailable when the defendant for whom substitution is sought was dead before the commencement of the action, which was therefore a nullity."  LN Mgmt., LLC, 957 F.3d at 954 (collecting cases); see also Givens v. California Department of Corrections and Rehabilitation, 2021 WL 1966086 at *3 (E.D. Calif., May 17, 2021) (where a putative defendant dies before a lawsuit is filed, the claims against him are a "nullity" and must be "dismissed with prejudice"), findings and recommendations adopted, 2022 WL 2954738 (E.D. Cal. July 26, 2022).[2]

////

////

---

[2] District courts outside California also agree, citing Givens.  Lott v. Corizon, 2022 WL 1423606 (W.D. Mich. Mar. 31, 2022) (same), report and recommendation adopted, 2022 WL 1422331 (W.D. Mich. May 5, 2022), motion for relief from judgment denied, 2022 WL 18586847 (W.D. Mich. Dec. 29, 2022); Porter v. Washington, 2022 WL 2037942, at *6 (W.D. Mich. June 7, 2022) (same); Shaffer v. Unknown Parties #1, 2022 WL 17839908, at *2 (W.D. Mich. Oct. 11, 2022) (same), report and recommendation adopted, 2022 WL 17830553 (W.D. Mich. Dec. 21, 2022).

Discussion

The undersigned is persuaded that Rule 25 does not apply to this action, and that plaintiff's complaint against decedent Tillery is a nullity. Lacy v. Tyson, 2012 WL 4343837, *2 (E.D. Cal. Sept. 20, 2012), adopted, 2012 WL 5421230 (E.D. Cal. Nov. 5, 2012). In Lacy, the plaintiff was a pro se state prisoner raising a § 1983 complaint against correctional officers and medical staff. The district court held that because decedent R. Reyna died before the lawsuit was filed, the motion for substitution under Rule 25 was denied, and decedent Reyna was dismissed with prejudice. Lacy, 2012 WL 4343837 at *2. "While the Ninth Circuit has not addressed this issue, courts have held, as a rule, that the substitution of parties cannot be ordered in conformance with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party." Lacy, 2012 WL 4343837 at *2.

Here, it is undisputed that Donald Tillery died before the instant action was filed. Thus, there is no procedure in place for the court to substitute Tillery's presence in this action for that of a personal representative of Tillery's estate. See Moul v. Pace, 261 F. Supp. 616, 617-18 (D. Md. 1966) ("no procedural mechanism exists for the Court to substitute [decedent's] presence in this case for that of a personal representative of his estate."); Chorney v. Callahan, 135 F.Supp. 35, 36 (D. Mass. 1955) (where a suit is filed against an individual who died before the complaint was filed, "at that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action.")

Plaintiff Jacques previously cited civil rights action, Jacques v. Fererkins, No. 2:21-cv-0141 KJM KJN P (E.D. Cal.), where plaintiff was appointed counsel to assist in pursuing a motion to substitute the deceased defendant's parents as parties to the litigation. (ECF No. 12 at 2.) However, in plaintiff's prior case, the deceased defendant died while the action was pending, after plaintiff filed the complaint. "The purpose behind Rule 25(a) suggests that substitution remains available after filing and prior to service." Gilmore v. Lockard, 936 F.3d 857, 864 (9th Cir. 2019) (emphasis added).

Here, defendant Tillery died on November 20, 2022, before plaintiff filed the instant lawsuit on January 13, 2023. Indeed, the Ninth Circuit later confirmed such distinction:

> In overturning the denial of Gilmore's motion to substitute the prison guard's "successor or representative," Fed. R. Civ. P. 25(a), we noted in passing that Mizukami was "inapposite since that suit was filed after the defendant's death, and Rule 25(a) presupposes that the deceased was already a party in the action prior to death."

LN Mgmt., LLC, 957 F.3d at 951, quoting Gilmore, 936 F.3d at 864 n.4.  Thus, the Ninth Circuit concluded that a party cannot bring a federal lawsuit against a dead person.  LN Mgmt., LLC, 957 F.3d at 955.

Following LN Mgmt., LLC, plaintiff is not allowed to name or join a dead person as a defendant.  This case is very similar to Lacy, and the undersigned is persuaded by, and adopts, its reasoning.  See also Cavanaugh v. County of San Diego, 2020 WL 8838234 (S.D. Cal. Aug. 24, 2020) ("This Court is persuaded to follow the several federal courts which hold that a party cannot maintain suit against a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or successor) a party to a federal lawsuit.")  Because Donald Tillery died before this action was commenced, Rule 25(a) does not apply, plaintiff's claims against such defendant are a nullity, and defendant Donald Tillery should be dismissed from this action with prejudice.

In the objections, plaintiff renewed the request for the appointment of counsel, arguing that counsel would be able to determine if plaintiff could proceed and if plaintiff could proceed under Estate of Holdaway, 40 Cal.App.5th 1049, 253 Cal. Rptr. 3d 659 (2019).[3]  (ECF No. 16 at 3).  However, Holdaway is inapposite.  In Holdaway, the court addressed whether the trial court's dismissal of a creditor's petition in a probate action terminated the tolling of the statute of limitations governing the creditor's claim.  Id.  The state court did not address whether a plaintiff could name a deceased defendant in a civil action.  Id.  Under the circumstances presented here, it would be futile to appoint counsel to assist plaintiff in preparing a motion for substitution because a substitution under Rule 25(a) is not available.  Thus, plaintiff's renewed request to appoint counsel is denied.

---

[3] Plaintiff cited 40 Cal.App.5th 1059 (2019), which is the second page of Supershuttle International, Inc. v. Labor & Workforce Development Agency, 40 Cal.App.5th 1058 (Oct. 7, 2019).  It appears plaintiff's citation was a typographical error in that Holdaway is located at page 1049.

Finally, plaintiff named no other individual as a defendant in this action. The allegations in this case are based solely on the actions and omissions of defendant Tillery. Therefore, the action should be dismissed.

Request for Reimbursement of Filing Fee

Plaintiff claims that the CDCR knew at the time plaintiff filed a grievance concerning Tillery's actions that Tillery had not only retired, but had died, and argues that if such information had been relayed to plaintiff, plaintiff would not have litigated this case. Plaintiff was unable to access the CDCR website to find out that Tillery had died prior to the filing of this action. Plaintiff asks the court to order the CDCR to reimburse plaintiff for the $350.00 filing fee.

Plaintiff provides no legal authority for this request. While the CDCR may have been aware of Tillery's death, it is unclear that prison staff reviewing plaintiff's grievances were aware of Tillery's death. In addition, prison staff reviewing grievances are tasked with reviewing and investigating the allegations raised in the grievance. The court is unaware of any regulation requiring appeals officers to investigate or report the status of corrections staff named in such grievance. Plaintiff's request for reimbursement is denied.

Status of Payments

Finally, plaintiff "lacks funds" in plaintiff's trust account because SVSP told plaintiff that the Eastern District failed to inform SVSP that plaintiff has paid all of plaintiff's cases. (ECF No. 16 at 16.) Plaintiff failed to provide any other case numbers for cases filed in this court.

On June 22, 2023, plaintiff was informed that the filing fee for this case was paid in full, and the CDCR was notified to stop withdrawals. (ECF No. 13.) Plaintiff may present a copy of this order to inmate trust account officials at SVSP to demonstrate the full payment of filing fees in this action. As to plaintiff's other unidentified cases, this court is unable to determine whether plaintiff has paid all filing fees in other unidentified cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's belated response to the order to show cause (ECF No. 16) is deemed timely filed;

2. The findings and recommendations (ECF No. 15) are vacated;

    3. Plaintiff's renewed request to appoint counsel (ECF No. 16 at 3) is denied;

    4. Plaintiff's request for the reimbursement of the court's filing fee (ECF No. 16) is denied; and

    5. Plaintiff paid in full the court's filing fee for Case No. 2:23-cv-0079 TLN KJN (E.D. Cal.), and no further withdrawals should be made in connection therewith. (ECF No. 13.)

Further, IT IS RECOMMENDED that:

    1. Defendant D. Tillery should be dismissed from this action with prejudice; and

    2. This action should be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2023

/jacq0079.25a

                                                KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE